IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALBERTA JOHNSON                                                                       PLAINTIFF

v.                                            No. 5:16-CV-00124-BRW-JTK

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                     DEFENDANT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Alberta Johnson applied for social security disability benefits with an amended alleged onset date of October 21, 2011. (R. at 29). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 19). The Appeals Council denied Johnson's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Johnson has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Johnson had the severe impairments of degenerative disk disease, arthritis, high blood pressure, and obesity. (R. at 14). The ALJ found that these impairments left Johnson with the residual functional capacity (RFC) to lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours in an eight-hour workday; sit for six hours in an eight-hour workday; and push and/or pull 10 pounds occasionally and less than 10 pounds frequently. (R. at 15). The ALJ took testimony from a vocational expert and determined that Johnson could return to her past relevant work as a caseworker. (R. at 19). The ALJ therefore held that Johnson was not disabled. (R. at 19).

## II.  Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000).

Johnson argues that the ALJ erred in several respects. She claims that the RFC is not supported by substantial evidence, that the ALJ failed to properly address conflicts between the opinions of state agency consultants and treating and examining physicians, that the ALJ failed to properly consider a treating physician opinion, that the ALJ failed to perform a proper credibility analysis, that her past work was not performed at the SGA level or too remote to be considered, and that the ALJ failed to properly consider the mental and physical demands of her past work.

As the undersigned finds that the ALJ did not properly consider the opinion of a consultative examiner and that additional treating physician opinion evidence must be considered, Johnson's other points need not be addressed.

The ALJ noted that Daniel Irons, M.D., a consultative examiner, had opined in May 2013 that Johnson had moderate to severe limitations in walking, standing, sitting, lifting, and carrying items. (R. at 18). The ALJ noted that he gave significant weight to Dr. Irons's opinion "[t]o the extent consistent with the residual functional capacity." (R. at 18). However, the ALJ never addressed Dr. Irons's note that Johnson experienced exercise-limiting dyspnea from carrying 5 pounds across the room. (R. at 258). This is the only medical evidence concerning Johnson's carrying capacity, and it contradicts the RFC. Furthermore, Dr. Irons noted that Johnson cannot squat/arise from a squatting position and that she could heel/tow walk, "but reluctantly." (R. at 260). These results strongly indicate greater limitations than those contained within the RFC, and the ALJ should have considered them.

Furthermore, Johnson provided a statement from her treating physician, Dr. Anna Redman from October 15, 2013. (R. at 273). This evidence was first presented to the Appeals Council after the ALJ's decision. (R. at 4). This Court does not have jurisdiction to review the decision of the Appeals Council, as such decisions are not final agency actions. *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995). The Court's duty is to determine whether substantial evidence on the record as a whole supports the ALJ's decision, including any new material evidence. *Id.* "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Additional evidence must be more than merely

cumulative of other evidence in the record to be considered "new," and it is not "material" if it merely details conditions that are acquired or deteriorate after the ALJ's decision. *Bergman v. Apfel*, 207 F.3d 1065, 1069–70 (8th Cir. 2000).

Dr. Redman's opinion satisfies these conditions. It is the opinion of a treating physician, which corroborates the opinion of Dr. Irons. Dr. Redman opines that Johnson is moderately to severely limited in sitting, standing, walking, or lifting and that she "can perform ADL"s at her own pace." (R. at 273). When considered in light of the dearth of other treating and examining physician opinions, this one cannot be ignored.

## III.   Recommended Disposition

The ALJ improperly weighed the opinions of examining physician. Furthermore, the opinion of Johnson's treating physician must be considered. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record and to reevaluate the treating and examining physician opinions with a full explanation of the weight given to the opinions.

Dated this 24th day of March, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE